UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**SHERMAN C. CLAIBORNE, #370906,**

        Petitioner,

v.                                2:07CV270

**GENE M. JOHNSON, Director of the
Virginia Department of Corrections,**

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

On December 14, 2004, in the Circuit Court for the City of Hampton, Virginia, petitioner was convicted of two counts of possession of cocaine and was sentenced to serve two years and two months imprisonment. Petitioner did not appeal his convictions nor has he filed any state habeas petitions.

On June 28, 2007, petitioner filed a petition for writ of habeas corpus in this Court. From the face of the petition, it appeared that petitioner had not exhausted his available state court remedies, therefore, on November 28, 2007, the Court issued an order directing petitioner to show cause why the petition should not be dismissed. On December 26, 2007, petitioner filed a response to the order, seeking dismissal of the petition, without prejudice, to allow him the

opportunity to submit a habeas petition in the Supreme Court of Virginia. Under the circumstances, the Court has not required respondent to answer the petition.

## B. Claim Raised

Petitioner's sole claim is that he was unlawfully imprisoned by being sent to a correctional facility instead of a detention center, and he wants "8 1/2 months" credited to his sentence.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court finds that the allegations stated herein are amenable to resolution in a state habeas action, which petitioner has not pursued. In order to proceed with his claim under § 2254, petitioner must satisfy the statutory exhaustion requirements. Section 2254 provides that:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000). Since petitioner has not satisfied the statutory requirements, the Court cannot consider the merits of the claim

2

at this juncture. See Clayton v. Smith, 404 U.S. 53, 54 (1971); Preiser v. Rodriquez, 411 U.S. 475, 489 (1993). Accordingly, petitioner's request for voluntary dismissal should be GRANTED.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DISMISSED without prejudice, based on petitioner's failure to exhaust his state court remedies. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within 10 days from the date of mailing of this report to the objecting party computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                          /s/
                        **James E. Bradberry**
                        **United States Magistrate Judge**

**Norfolk, Virginia**

**January 7, 2008**

4

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

>Sherman C. Claiborne, #370906, <u>pro</u> <u>se</u>
>Bldg. 700 - Unit 300, Cell 323
>901 Corrections Way
>Jarratt, VA  23870

>Fernando Galindo, Clerk

>By _____
>      Deputy Clerk

>_____, 2008